WILLIAM DAVENPORT, RESPONDENT, v. MAUDE C.
PATTESON, APPELLANT.

Submitted July 6, 1922—Decided November 8, 1922.

1. In a suit for slander begun a year and eight months after the
   date of the alleged words (spoken in plaintiff's presence and to
   him) plaintiff was asked on cross-examination "Why did you
   wait until May, 1921 (the time of issuing summons), to begin
   this suit?" *Held*, error to overrule the question, as it bore
   directly on the strength or weakness of the plaintiff's case.
2. Whether the words "You are a dirty sneak and a thief" of them-
   selves impute the crime of larceny is, at least, not error to
   leave to the jury as against the defendant.

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Filbert L. Rosenstein.*

For the respondent, *Frank J. Davies.*

The opinion of the court was delivered by

PARKER, J.    The plaintiff had a verdict and judgment
below in a suit for slander, the words charged being: "You
are a dirty sneak and a thief."

We think this judgment must be reversed and a new trial
had, because of error in excluding a question asked of plaint-
iff on his cross-examination.

The date of uttering the words was alleged by plaintiff to
have been September 23d, 1919.    The suit was begun May
13th, 1921.    Defendant claimed that more than two years
had elapsed before suit, and that the statute of limitations
had run, but this, of course, was a jury question.    On cross-
examination the plaintiff was asked a number of questions
about the time of different occurrences, and finally the fol-
lowing question was put to him: "Q. Why did you wait
until May, 1920 [really 1921], to bring this suit?"

This was objected to, but no ground of objection stated; and overruled, no ground of the ruling being given. The defendant entered an exception, which was not essential under the District Court practice, but is useful as showing that the ruling was challenged.

Subscribing fully to the general principle that the control of cross-examination lies largely within the discretion of the court, as to which authority is superfluous, we, neverthless, think that the court erred in excluding the answer to this question. It was laid down in *Prout* v. *Bernards Land and Sand Co.*, 77 *N. J. L.* 719, that cross-examination on matters directly in issue or directly relevant to the issue is a matter of right, and its exclusion is error. One of the matters relevant to the issue was the *bona fide* character of the suit, and a long and unexplained delay of a slandered plaintiff in taking steps to vindicate his reputation and punish the slanderer might well be regarded by the jury as casting a doubt on the good faith of the action. It would be a legitimate and natural subject of comment by counsel in addressing the jury, and was a matter on which counsel was entitled to inquire. Thus, in *Wigm. Ev.*, § 284, under the general heading of conduct as evidence, we find the subhead of "conduct as evidencing a weak cause." The author says: "In general, a delay in instituting a prosecution * * * is some indication—perhaps only a slight one in fact—of a consciousness of the weakness of one's cause." See, also, 40 *Cyc.* 2492. Questions of this character are common in practice wherever there has been a long delay not sufficient to bring the statute into operation.

This leads to a reversal of the judgment. As the case must be retried, it is fair to the trial judge to say that we find no other trial error in the case before us. Whether the words, said to have been used, as quoted above, were actionable *per se,* was at least a jury question. *Flaacke* v. *Stratford,* 72 *N. J. L.* 487. In the recent case of *Shaw* v. *Bender,* 90 *Id.* 147, 149, the Court of Errors and Appeals, citing *Odg. Lib. & S.,* says: "It is actionable to call one a thief, and no *innuendo* is necessary, as larceny is clearly imputed." When

it is considered that defendant in the case at bar undertook to show in justification that plaintiff had stolen apples out of her's or her husband's orchard, the propriety of leaving to the jury the question whether the words should be understood as imputing to the plaintiff the crime of larceny, becomes unquestionable.

For the error above discussed the judgment will be reversed.