ADAMA ALOIA, RESPONDENT, v. PLAINFIELD UNION WATER COMPANY, APPELLANT.

PASQUALE ALOIA, RESPONDENT, v. PLAINFIELD UNION WATER COMPANY, APPELLANT.

Submitted May 12, 1933—Decided October 3, 1933.

Before Justices Parker, Lloyd and Perskie.

For the appellant, *Francis A. Gordon.*

For the respondents, *Benjamin Gordon* (of Elizabeth).

PER CURIAM.

The suits were tried together. The respondents are husband and wife. The wife claimed damages because of stepping into a hole in the sidewalk which she alleged to have been negligently created by the defendant. The husband claimed damages *per quod*. Each plaintiff had a judgment.

On the evidence there was reasonable ground to believe that the suits were not brought in good faith, arising out of such facts as that the company discovered the water meters inside the plaintiffs' houses had been tampered with, and removed them to the outside; and that there had been difficulty about collecting certain charges in connection with the matter.

All this was of course settled by the jury, and but for a ruling on evidence which we deem harmfully erroneous, there would seem to be no good ground for reversal. But with the matters in evidence as just stated, it further appeared that the accident was on December 19th, 1931, Mrs. Aloia was practically recovered inside of two months, the injury was not permanent, and that suit was begun about February 2d, 1933. In this conditon of the evidence she was asked on cross-examination: "Why did you wait so long before you sued the water company?" This was objected to and overruled, and an exception entered.

We think this exclusion was erroneous, and clearly within the decision of this court in *Davenport* v. *Patterson*, 98 *N. J. L.* 65; 118 *Atl. Rep.* 708. The good faith of the suit was plainly in question, and defendant was entitled to an explanation of the delay.

This leads to a reversal in the wife's case, and as that of the husband hangs on her right of recovery, to a reversal in his case also. The cases will be remanded to the District Court for a new trial.